The New York Fire Insurance Exchange is a rate-making association maintaining an office in New York city, which has been authorized under the Insurance Law (Cons. Laws ch. 28) to make rates to be used by fire insurance underwriters. To correct discrimination in the fixing of such rates by such associations, the Insurance Law, section 141, provides suitable power in the superintendent of insurance to entertain complaints and after a full hearing to order its removal.
The important part of section 141 of the Insurance Law, so far as the question of discrimination is concerned, is that no such rate-making association shall fix any fire insurance rate "which discriminates unfairly between risks in the application of like charges or credits or which discriminates unfairly between risks of essentially the same hazards and having substantially the same degree of protection against fire. Whenever it is made to appear to the satisfaction of the superintendent of insurance that suchdiscrimination exists, he may, after a full hearing * * * order such discrimination removed." (Insurance Law, § 141, added by Laws of 1911, chap. 460, as amd. by Laws of 1912, chap. 175, and Laws of 1913, chap. 26; since amd. by Laws of 1922, chap. 660.)
The relator has a testing agency known as its "Chicago *Page 171 
Laboratories" where tests are made of fire protection devices for the purpose of assisting it in fixing rates without unfairly discriminating between various devices. Application was made to the relator for credit in the rating of certain risks equipped with the so-called "Conran Sprinkler Head," an invention of the intervener. It was claimed that the Conran device was just as effective as the sprinkler systems for which the relator allowed a reduced rate. The relator refused to grant this reduced rating on the ground that the Conran sprinkler had not been submitted to or approved by the "Chicago Laboratories." The intervener, having had his apparatus subjected to extensive tests and approved by the board of standards and appeals of the city of New York, the body which approves the installation of all fire apparatus in buildings within that city, and by others, complained to the superintendent of insurance that a discrimination against his device existed in the fixing of rates. The matter was finally brought to hearing and determination, the superintendent of insurance holding, in effect, that the determining issue was whether or not the Conran device was just as effective as the sprinkler systems for which the exchange had allowed a reduced rate. He found that it was and ordered the removal of the discriminations.
The question is whether as matter of law the relator discriminated unfairly against the Conran sprinkler head. The effect of the decision of the Appellate Division is that the question before the superintendent of insurance was one of equal fire hazard to be determined by him on such evidence as a complainant sees fit to produce. Under this interpretation of the statute the rate-making association and the insurance companies who must recognize the device as a protection against fire, can be compelled to grant a rate equal to that given the most approved devices which have met all tests, although the exchange has not tested the device, and the owner of the *Page 172 
device has refused to comply with the association's uniform rules for testing devices seeking a preferred rate.